## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

**UNITED STATES OF AMERICA**

**v.**                                    **CRIMINAL NO. 5:17-cr-00133-1**

**JOSHUA ADAM SMITH**

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Joshua Adam Smith's Letter-Form Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), filed January 11, 2021. [Doc. 123]. The matter is ready for adjudication.

### I.

On October 5, 2017, Mr. Smith pled guilty to Count 2 of an Indictment charging him with distribution of a quantity of oxymorphone in violation of 21 U.S.C. § 841(a)(1). [Doc. 50]. On January 24, 2018, he was sentenced to 96 months imprisonment and 5 years supervised release. [Doc. 84]. He is currently incarcerated at FCI Petersburg Medium and projected to be released on November 11, 2023.

On January 11, 2021, Mr. Smith filed the instant Motion for Compassionate Release. [Doc. 123]. He seeks a modification of his sentence for extraordinary and compelling reasons, including his health conditions and lack of programming due to COVID-19 restrictions. He cites his history of high blood pressure and mental illness as conditions placing him at higher risk of contracting COVID-19. [*Id.* at 1]. He also contends he has not been able to get "over a

dozen surgeries" or complete the Residential Drug Abuse Program and other educational programs due to COVID-19 restrictions at FCI Petersburg Medium. [*Id.* at 1–2].

The United States responds that compassionate release is not warranted for three reasons. First, Mr. Smith has not met his burden of showing that extraordinary and compelling reasons exist to grant release. Specifically, the United States avers that Mr. Smith has failed to show his medical conditions expose him to a particularized risk in his institution. [*Id.* at 8]. Second, the United States maintains Mr. Smith is a danger to the community due to his lengthy and serious criminal history, which includes four drug-related felony convictions, two domestic violence convictions, and numerous DUI and related convictions. [*Id.* at 8–9]. Third, the United States contends the relevant Section 3553(a) factors do not support Mr. Smith's release. [*Id.* at 9].

## II.

The First Step Act (the "Act") amended 18 U.S.C. § 3582(c)(1)(A) to expand access to compassionate release to incarcerated individuals. Prior to enactment, a court could only consider compassionate release on motion by the BOP. The Act "removed the BOP from that gatekeeping role, authorizing defendants themselves to file motions for sentence reductions." *United States v. McCoy*, 981 F.3d 271, 271 (4th Cir. 2020). Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), the defendant must first exhaust the administrative process established by the BOP or allow "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

To grant an inmate's motion for compassionate release or sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors.

18 U.S.C. § 3582(c)(1)(A); *see also McCoy*, 981 F.3d at 280. When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion in conducting [its] analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). The Act "allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence." *Concepcion v. United States*, 213 L. Ed. 2d 731, 142 S. Ct. 2389, 2404 (2022). Our Court of Appeals determined that district courts may take a more individualized approach regarding whether "extraordinary and compelling" reasons are established. *McCoy*, 981 F.3d at 286. District courts may also conclude that the severity of a sentence, "combined with the enormous disparity between that sentence and the sentence a defendant would receive today, can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)." *Id.* at 285 (finding reasoning of multiple district courts persuasive).

As of the date of this Order, the United States Sentencing Commission has not yet amended U.S.S.G. § 1B1.13 to address compassionate release motions filed by defendants. *See United States v. Ferguson*, No. 21-6733, 2022 WL 17256572, at *5 (4th Cir. Nov. 29, 2022); *United States v. Vaughn*, No. 5:08-cr-00266, 2021 WL 136172, at *2 (S.D. W. Va. Jan. 13, 2021) (quoting *McCoy*, 981 F.3d at 282–84). However, "[n]othing in § 3582(c)(1)(A)(i) requires courts to sit on their hands if there is a gap in Commission policy." *McCoy*, 981 F.3d at 284 (internal citation omitted). "[A]s a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020) (emphasis in original). *But see Ferguson*, 2022 WL 17256572 (compassionate release motions cannot be used to collaterally attack a defendant's conviction or sentence).

Finally, in the context of the COVID-19 Pandemic, "courts have found

extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *Vaughn*, 2021 WL 136172, at *3 (citing *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020) (collecting cases)).

### III.

Upon careful consideration of 18 U.S.C. § 3582 and the factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Mr. Smith's stated grounds do not warrant relief. First, as to his health conditions, Mr. Smith reports a history of high blood pressure and mental illness but he has not submitted any evidence concerning these conditions or how they could affect his contraction of COVID-19. Inasmuch as these conditions might render him more susceptible to contracting COVID-19, the Court notes that the Bureau of Prisons ("BOP") has enacted a modified operations plan to minimize the risk of COVID-19 transmission inside its facilities. It appears that FCI Petersburg Medium, where Mr. Smith is incarcerated, is abiding by this plan inasmuch as it had suspended all visits to the facility at the time Mr. Smith filed the instant motion. Further, at the time of this writing, FCI Petersburg Medium reports 0 inmates and 0 staff as positive for COVID-19, with 258 inmates and 61 staff having recovered. Additionally, the BOP is administering COVID-19 vaccinations. Accordingly, the Court **FINDS** Mr. Smith's stated medical grounds are insufficient to establish extraordinary and compelling reasons warranting release.

Second, regarding a lack of programming, the Court understands and appreciates Mr. Smith's desire to complete the Residential Drug Abuse Program and other educational programs. However, given the nature of the pandemic, the halt on programming results in a mere

inconvenience. Such pause is insufficient to establish an extraordinary and compelling reason warranting release.

Third, none of the applicable Section 3553(a) factors weigh in favor of Mr. Smith's release. Mr. Smith is scheduled to be released November 11, 2023, after serving a 96-month term of imprisonment for distribution of oxymorphone. Indeed, at the time of sentencing, Mr. Smith qualified as a career offender. The nature and circumstances of his offense of conviction -- not to mention his lengthy and serious criminal history -- along with the need for the sentence imposed to provide just punishment, afford adequate deterrence, and protect the public, together with the applicable sentencing range, all support his continued incarceration consistent with the original sentence imposed.

## IV.

Based on the foregoing reasons, the Court **DENIES** Mr. Smith's Motion for Compassionate Release [**Doc. 123**].

The Clerk is directed to transmit a copy of this written opinion and order to the Defendant and to the United States Attorney.

ENTER:  May 22, 2023

Frank W. Volk
United States District Judge